RALPH D. ROWND, Plaintiff, *v.* NEW YORK STATE GUERNSEY BREEDERS' CO-OPERATIVE, INC., Defendant.

Municipal Court of the City of Syracuse, March 21, 1949.

*John J. Mahon* for plaintiff.

*Hancock, Dorr, Ryan & Shove* for defendant.

ABELSON, J. This is an action brought by the plaintiff, Ralph D. Rownd, against the defendant, New York State Guernsey Breeders' Co-operative, Inc., to recover the sum of $597.94 which the plaintiff claims is due him for work, labor and services performed for the defendant.

It appears that between the 10th day of December, 1936, and the 15th day of October, 1941, plaintiff was employed by the defendant as a driver for and distributor of the milk and other products offered by the defendant corporation for sale. It is conceded that the fair and reasonable value of the aforesaid work, labor and services performed by the plaintiff was the sum of $597.94.

It appears that the plaintiff was a member of the Dairy and Bakery Salesmen and Dairy Employees Union, Local 316, of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, affiliated with the American Federation of Labor. The aforesaid union had a contract with the defendant regulating the relations between the defendant and its milk route salesmen. This contract was made after negotiations between representatives of the defendant, as employer, and representatives of the union, of which the plaintiff was a member, and was ratified by the members of the union. By the terms of said contract, the milk route salesmen were required to post a cash bond as a requirement of their employment and the employer was permitted to deduct the same from the salesmen's pay at the rate of not more than $2 per week. This bond was to be applied against shortages, if any, which any driver might have at the termination of his employment.

The plaintiff's employment was terminated on February 4, 1942, and at that time plaintiff delivered his route book to the defendant in accordance with the terms of the aforesaid contract, and a representative of the defendant canvassed the route book for payment of accounts. At that time there was upwards of $1,400 in outstanding accounts on plaintiff's route book, and all but approximately $600 was collected by defend-

ant's representatives. The balance of the accounts was deemed uncollectible by the defendant, and the defendant deducted therefrom the amount of the loss which it claims it was called upon to assume under the terms of the aforesaid contract and charged the balance against the plaintiff in accordance with the terms of the aforesaid contract.

The plaintiff had on deposit with the defendant as a cash bond, which had been deducted from his pay as aforesaid, the sum of $477.67. After deducting the amount of the loss chargeable to the plaintiff, the defendant offered the balance of $96.69 to the plaintiff, and at the same time claims it offered to deliver the list of uncollected accounts to him.

It is the contention of the plaintiff that it was illegal for the defendant to deduct the amount of the bond from the plaintiff's wages because it was a violation of sections 195 and 197 of the Labor Law of the State of New York. These sections prohibit deductions from wages for the benefit of the employer and are designed to assure employees prompt payment of their wages.

The defendant employer made the posting of a bond a prerequisite of employment for all its milk route salesmen. The union, of which the plaintiff was a member, recognized the employer's right to make a deduction by providing for the same in the contract between the union and the defendant.

The usual type of such a bond is one provided by an insurance company, and the average individual seeking employment as a milk route salesman would be unable to secure such a bond. For this reason the union and the employer agreed that a cash bond could be posted and the same could be deducted from the employee's wages at the rate of not more than $2 per week. By accepting this plaintiff as a milk route salesman, and deducting the payment of his bond from his wages in accordance with the terms of the union contract, the employer enabled the plaintiff to furnish one of the prerequisites of his employment.

The test appears to be whether or not the deductions were made for the benefit of the employer or the employee. It is therefore evident that these deductions were directly for the plaintiff's benefit in enabling him to furnish a bond, and came within the rule laid down in the case of *Greenwald* v. *Chiarella* (271 App. Div. 213), as not being a deduction prohibited by the Labor Law. The contract between the union and the defendant was not illegal but was a valid and enforcible contract.

The plaintiff further contends that the deductions made by the defendant were illegal because they do not fall under any of the authorized deductible items under the Fair Labor Standards Act of 1938 (also known as the Wage and Hour Act; U. S. Code, tit. 29, § 201 *et seq.*). It appears that the defendant is not engaged in interstate commerce, and therefore does not come within the ambit of the provisions of this act. The only statute with which we are concerned is the Labor Law of the State of New York heretofore mentioned.

In regard to the uncollected accounts, it appears that the defendant has properly charged itself with its share of these uncollected accounts in accordance with the terms of the contract.

I therefore find that there is a balance due plaintiff from the defendant in the sum of $96.69, being the difference between the amount deposited by him to apply on the bond and his share of the uncollected accounts. It is further ordered that the defendant assign over unto the plaintiff all the uncollected accounts.

Judgment may be entered accordingly.